SEALED BY ORDER OF COURT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

E-filing
FILED
DEC 12 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### SAN JOSE DIVISION

### THE UNITED STATES OF AMERICA

vs

### JANARDHAN NELLORE and SIVANNARAYANA BARAMA

CR-19-00463-LHK

## SUPERSEDING INDICTMENT

COUNT 1:     18 U.S.C. § 1349 – Conspiracy and Attempt to Commit Securities Fraud

COUNTS 2 - 7:    18 U.S.C. §§ 1348 and 2 – Securities Fraud and Aiding and Abetting

COUNTS 8 - 10:   18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

*A true bill.*

_____
Foreperson

*Filed in open court this* __12__ *day of* __December__ *A.D.* 201__9__

_____
**United States Magistrate Judge**

**Bail. $** No bail arrest warrant for Barama
No process for Nellore

DAVID L. ANDERSON (CABN 149604)
United States Attorney

*SEALED BY ORDER OF COURT*

*FILED DEC 12 2019*
*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*SAN JOSE*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JANARDHAN NELLORE and<br>SIVANNARAYANA BARAMA,<br><br>Defendants. | CASE NO. CR 19-00463 LHK<br><br>VIOLATIONS:<br>18 U.S.C. § 1349 – Conspiracy and Attempt to Commit Securities Fraud;<br>18 U.S.C. §§ 1348 and 2 – Securities Fraud and Aiding and Abetting;<br>18 U.S.C. § 1028A – Aggravated Identity Theft<br>18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation<br><br>SAN JOSE VENUE |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Superseding Indictment:

Relevant Entities and Individuals

1.  Palo Alto Networks, Inc. ("PANW") was a cloud-computing security firm located at 3000 Tannery Way, Santa Clara, California. Since 2012, PANW was a publicly traded company whose shares were registered with the United States Securities and Exchange Commission ("SEC") under Section 12 of the Securities Exchange Act of 1934, and were publicly traded on the New York Stock Exchange ("NYSE") system under the symbol "PANW."

SUPERSEDING INDICTMENT

2.      As a public company, PANW was required to comply with the SEC's rules and regulations, which were designed to protect the investing public. Under those rules, among others, PANW filed regular public reports with the SEC that fairly and accurately presented the financial condition and other news relevant to the company. Among the reports filed with the SEC were quarterly Form 10-Q and annual Form 10-K reports pursuant to Section 15(d) of the Securities Exchange Act of 1934.

3.      Each quarter, PANW held public earnings calls where PANW announced its earnings and growth rates for the quarter, and provided guidance on future performance, among other things.

4.      Ally Financial, Inc. ("Ally") was a financial services company and brokerage. Ally facilitated for individual investors the buying and trading of securities, including stocks and stock options, through the use of interstate and foreign wires and signals.

5.      E*TRADE Financial Corporation ("E*TRADE") was a financial services company and brokerage. E*TRADE facilitated for individual investors the buying and trading of securities, including stocks and stock options, through the use of interstate and foreign wires and signals.

6.      Fidelity Investments, Inc. ("Fidelity") was a financial services company and brokerage. Fidelity facilitated for individual investors the buying and trading of securities, including stocks and stock options, through the use of interstate and foreign wires and signals.

7.      TD Ameritrade Holding Corporation ("TD Ameritrade") was a financial services company and brokerage. TD Ameritrade facilitated for individual investors the buying and trading of securities, including stocks and stock options, through the use of interstate and foreign wires and signals.

8.      Defendant JANARDHAN NELLORE ("NELLORE") was employed by PANW since 2012 within the Operations and Support group, an information technology department, and since at least 2015 held a management position within PANW. Through his employment at PANW, NELLORE accessed and obtained material nonpublic information regarding PANW's quarterly financial performance, including PANW's target and actual billings, bookings, revenue, and growth rate, among other material nonpublic information (collectively, "PANW's Inside Information"). NELLORE owed a duty of trust and confidence to PANW. During all times relevant to this Superseding Indictment, NELLORE maintained brokerage accounts at Ally and TD Ameritrade, with the account numbers

SUPERSEDING INDICTMENT         2

ending -4915 (Ally) and -8252 and -4391 (TD Ameritrade). NELLORE was a resident of Santa Clara, California.

9. Defendant SIVANNARAYANA BARAMA ("BARAMA") was a resident of Fremont, California. Between on or about 2015 and 2016, BARAMA was a contract employee of PANW, and was an acquaintance of NELLORE. During all times relevant to this Superseding Indictment, BARAMA maintained accounts with E*TRADE, Fidelity, and TD Ameritrade, with the account numbers ending -1499, -8237, -8304, -8705, -5842, and -3235 (E*TRADE), -3998 (Fidelity), and -1214 and -0762 (TD Ameritrade). BARAMA accessed and controlled the E*TRADE brokerage account opened in the name of a person known to BARAMA with the account numbers ending -8552.

10. The person known to the Grand Jury as Trader One was a resident of Cupertino, California. Between 2013 and 2016, Trader One worked at PANW, and was an acquaintance of NELLORE. During all times relevant to this Superseding Indictment, Trader One maintained a brokerage account at Fidelity with the account numbers ending -1876.

11. The person known to the Grand Jury as Nominee One was an acquaintance of NELLORE. During all times relevant to this Superseding Indictment, Nominee One maintained accounts at Ally and Fidelity, using Nominee One's name, date of birth, Social Security number, and other personally identifying information, with the account numbers ending -5770 (Ally) and -8335 (Fidelity). Nominee One had a personal relationship with the person known to the Grand Jury as Nominee Three. Nominee One shared Nominee One's Ally and Fidelity account and access information with Nominee Three. In turn, Nominee Three shared the Ally and Fidelity account and access information with NELLORE, enabling NELLORE to buy and trade securities, including PANW securities, using Nominee One's brokerage accounts.

12. Nominee Two was an acquaintance of NELLORE. During all times relevant to this Superseding Indictment, Nominee Two maintained accounts at Ally, E*TRADE, and TD Ameritrade, using Nominee Two's name, date of birth, Social Security number, and other personally identifying information, with the account numbers ending -9008 (Ally), -6807 (E*TRADE), and -9128 and -8926 (TD Ameritrade). Nominee Two shared the Ally, E*TRADE, and TD Ameritrade account and access information with NELLORE to permit NELLORE to buy and trade securities, including PANW

securities, using Nominee Two's brokerage accounts. Nominee Two also accepted direction from NELLORE on buying and selling securities, including PANW securities.

13. Nominee Three was an acquaintance of NELLORE. During all times relevant to this Superseding Indictment, Nominee Three maintained accounts at Ally and TD Ameritrade using Nominee Three's name, date of birth, Social Security number, and other personally identifying information, with the account numbers ending -6480 (Ally) and -4810 (TD Ameritrade). Nominee Three shared the Ally and TD Ameritrade account and access information with NELLORE to permit NELLORE to buy and trade securities, including PANW securities, using Nominee Three's brokerage accounts. Nominee Three also accepted direction from NELLORE on buying and selling securities, including PANW securities.

## PANW's Confidentiality Policy

14. PANW maintained written policies prohibiting the dissemination of material nonpublic and confidential information, including information relating to the company's quarterly financial performance. Throughout his employment at PANW, NELLORE received repeated training and guidance about the proper use of material nonpublic and confidential information and the prohibitions against the improper use of such information, including violations of the insider trading laws. For example, NELLORE was specifically instructed by PANW that:

> Palo Alto Networks, Inc. (together with its subsidiaries, the "Company") opposes the unauthorized disclosure of any nonpublic information acquired in the course of your service with the Company and the misuse of material nonpublic information in securities trading.
>
> . . . .
>
> Disclosing material nonpublic information directly or indirectly to others who then trade based on that information or making recommendations or expressing opinions as to transactions in securities while aware of material nonpublic information (which is sometimes referred to as "tipping") is also illegal. Both the person who provides the information, recommendation or opinion and the person who trades based on it may be liable.

As a result of these policies, trainings and guidance by PANW, NELLORE knew and understood the rules relating to the use of material nonpublic and confidential information. BARAMA, as a former contract employee of PANW, also knew the company prohibited the disclosure or use of material nonpublic information, and knew that these prohibitions applied to NELLORE.

SUPERSEDING INDICTMENT 4

## The Insider Trading Scheme

15. From in or about March 2015 through in or about September 2018, NELLORE, BARAMA, Trader One and others participated in a scheme to defraud any person in connection with securities of PANW, and to obtain by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of PANW, by executing PANW securities transactions using PANW's Inside Information.

## Manner and Means of the Scheme to Defraud

16. In furtherance of the scheme to defraud, NELLORE acted as both a "trader" and a "tipper" of PANW's Inside Information. NELLORE converted PANW's Inside Information to his own use and traded PANW securities using PANW's Inside Information before the company disclosed its financial results to the public.

17. As a further part of the scheme to defraud, NELLORE also converted PANW's Inside Information and shared (or "tipped") PANW's Inside Information with BARAMA, as well as with Trader One, and Nominees Two and Three (collectively, the "inside traders") for their use in trading PANW securities. NELLORE regularly and repeatedly called or communicated with BARAMA and the inside traders before, during, and shortly after trading PANW securities, and provided them with PANW's Inside Information, knowing that BARAMA and the inside traders would trade PANW securities using PANW's Inside Information. NELLORE tipped the inside traders for his own benefit and for the benefit of the inside traders.

18. As a further part of the scheme to defraud, the defendants traded PANW securities which "straddled" PANW's quarterly earnings announcement (the "straddle trades"). Trades were placed before earnings announcements, and sold after the announcements. Using PANW's Inside Information, NELLORE, BARAMA, and the inside traders placed multiple straddle trades of PANW securities in various brokerage accounts based on PANW's Inside Information.

19. As a further part of the scheme to defraud, if PANW's Inside Information exceeded public quarterly expectations, the defendants and the inside traders placed PANW straddle trades in the form of call options before the public earnings announcement, betting that PANW's stock price would increase after the public earnings announcement. These call options granted the right to purchase

SUPERSEDING INDICTMENT 5

PANW stock during a specific period of time at a specific price.

20. As a further part of the scheme to defraud, if PANW's Inside Information missed public expectations, the defendants and the inside traders placed PANW straddle trades in the form of put options before the public earnings announcement, betting that PANW's stock price would decrease after the public earnings announcement. These put options granted the right to sell PANW stock during a specific period of time at a specific price.

21. As a further part of the scheme to defraud, beginning in March 2015, and continuing through September 2018, the defendants and inside traders placed PANW straddle trades for every quarter except May 2016. In every instance but for one trader in one quarter, the straddle call or put options aligned perfectly with the company's unannounced quarterly performance. All straddle call options correctly preceded a positive quarterly announcement and market response; all straddle put options correctly preceded a negative quarterly announcement and market response.

22. As a further part of the scheme to defraud, NELLORE, using PANW's Inside Information, directed BARAMA to sell open PANW options before certain PANW earnings announcements, ensuring BARAMA avoided losses on those option contracts.

23. As a further part of the scheme to defraud, and because option trading is risky, the defendants were not profitable in every instance of trading on PANW's Inside Information. But even during many of these unprofitable trades, the defendants could have made profits had the defendants held the options longer, or sold the options sooner, after the PANW earnings announcements, or had they been better in pricing the options.

24. As a further part of the scheme to defraud, the defendants placed highly coordinated inside trades. The call and put options commonly matched each other: the type of PANW option (call or put); the date and time of the option purchase price; the limit and strike price; and the expiration date were all the same or similar. Many of the option purchase contracts were purchased via the same Internet Protocol ("IP") address.

25. As a further part of the scheme to defraud, NELLORE used the identity and brokerage accounts of other people, including Nominees One, Two, and Three, to buy and sell PANW securities using PANW's Inside Information.

SUPERSEDING INDICTMENT 6

26. As a further part of the scheme to defraud, BARAMA used the identity and brokerage account of another person to buy and sell PANW securities using PANW's Inside Information.

27. As a further part of the scheme to defraud, NELLORE placed and caused to be placed trades using PANW's Inside Information in advance of the PANW earnings announcements on March 2, 2015, May 27, 2015, and September 9, 2015. NELLORE and BARAMA placed and caused to be placed trades using PANW's Inside Information in advance of the PANW earnings announcements on November 23, 2015, February 25, 2016, August 30, 2016, June 4, 2018, and September 6, 2018.

28. Between March 2015 and September 2018, NELLORE, BARAMA and the inside traders used and caused to be used PANW's Inside Information to place approximately 800 straddle trades of PANW securities. The aggregate cost of these trades was approximately $9 million. Between 2015 and 2018, NELLORE, BARAMA, and the insider traders generated gains in excess of $7 million as a result of this insider trading scheme.

29. During March 2015 and September 2018, NELLORE, BARAMA, and the insider traders also traded PANW securities that did not straddle PANW's quarterly public earnings announcements. They placed approximately 2,600 non-straddle trades of PANW securities. The aggregate cost of these trades was approximately $31.7 million. Between 2015 and 2018, when not trading around PANW's earnings announcements, NELLORE, BARAMA, and the inside traders lost approximately $190,000 on non-straddle PANW trades.

30. Between 2014 and 2018, NELLORE, BARAMA, and the insider traders placed $76.5 million in securities transactions in all securities, including PANW. Over half of all money invested was in PANW. NELLORE, BARAMA, and the inside traders placed over 53.5% of all securities transactions, or $40.9 million, in PANW securities. No other individual company stock traded by the inside traders came close in dollar amount invested.

31. Between 2014 and 2018, NELLORE, BARAMA, and the inside traders collectively lost money investing in non-PANW stock. During this period of time, NELLORE, BARAMA, and the inside traders collectively lost $5.8 million on $35.6 million traded in non-PANW stock. They even lost money trading in the large blend S&P 500 exchange traded fund (SPY) during this time, investing $13.1 million and losing $2.9 million, contrary to overall market performance during this period of time.

1  COUNT ONE: (18 U.S.C. § 1349 – Conspiracy and Attempt to Commit Securities Fraud)

32. Paragraphs 1 through 31 are re-alleged and incorporated as if fully set forth here.

33. Beginning on or about March 2015 and continuing through on or about September 2018, in the Northern District of California and elsewhere, the defendants,

JANARDHAN NELLORE and
SIVANNARAYANA BARAMA,

and others known and unknown to the Grand Jury, did knowingly conspire and attempt to execute a scheme and artifice to defraud persons in connection with securities of PANW, an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934 and an issuer that was required to file reports under section 15(d) of the Securities Exchange Act of 1934, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of PANW, an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934 and an issuer that was required to file reports under section 15(d) of the Securities Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH SEVEN: (18 U.S.C. §§ 1348 and 2 – Securities Fraud and Aiding and Abetting

34. Paragraphs 1 through 31 are re-alleged and incorporated as if fully set forth here.

35. Beginning on or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

JANARDHAN NELLORE and
SIVANNARAYANA BARAMA,

did knowingly execute and attempt to execute a scheme and artifice to defraud persons in connection with securities of PANW, an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934 and an issuer that was required to file reports under section 15(d) of the Securities Exchange Act of 1934, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of PANW, an issuer with a class of securities that was registered under Section 12

of the Securities Exchange Act of 1934 and an issuer that was required to file reports under section 15(d) of the Securities Exchange Act of 1934, as follows:

| COUNT | PANW TRADING DATES | PANW EARNINGS ANNOUCEMENT | BROKERAGE ACCOUNTS | DEFENDANT |
|---|---|---|---|---|
| TWO | November 17, 2016 | November 21, 2016 | Account -6480<br>Account -8335<br>Account -3998<br>Account -8304<br>Account -3235 | NELLORE BARAMA |
| THREE | February 3-28, 2017 | February 28, 2017 | Account -8252<br>Account -4391<br>Account -1876<br>Account -6480<br>Account -8335<br>Account -6807<br>Account -3998<br>Account -8304<br>Account -3235 | NELLORE BARAMA |
| FOUR | May 9-31, 2017 | May 31, 2017 | Account -4391<br>Account -1876<br>Account -6480<br>Account -5770<br>Account -8335<br>Account -8926<br>Account -8552<br>Account -3998<br>Account -8304<br>Account -3235<br>Account -1499 | NELLORE BARAMA |
| FIVE | August 3-31, 2017 | August 31, 2017 | Account -1876<br>Account -6480<br>Account -5770 | NELLORE BARAMA |

SUPERSEDING INDICTMENT    9

| Count | Date Range | Execution Date | Accounts | Defendant |
|---|---|---|---|---|
| | | | Account -8335 | |
| | | | Account -9008 | |
| | | | Account -8926 | |
| | | | Account -8552 | |
| | | | Account -8304 | |
| | | | Account -3998 | |
| | | | Account -1499 | |
| | | | Account -3235 | |
| SIX | November 1-20, 2017 | November 20, 2017 | Account -1876<br>Account -5770<br>Account -8335<br>Account -8926<br>Account -9008<br>Account -8552<br>Account -8304<br>Account -1214<br>Account -3235<br>Account -1499 | NELLORE BARAMA |
| SEVEN | February 7-26, 2018 | February 26, 2018 | Account -4391<br>Account -1876<br>Account -4810<br>Account -5770<br>Account -9008<br>Account -9128<br>Account -8552<br>Account -8304<br>Account -1214<br>Account -1499<br>Account -3235 | NELLORE BARAMA |

Each in violation of Title 18, United States Code, Sections 1348 and 2.

COUNT EIGHT: (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

36. Paragraphs 1 through 31 are re-alleged and incorporated as if fully set forth here.

37. On or about November 17, 2016, in the Northern District of California, the defendant,

JANARDHAN NELLORE,

did knowingly use, without lawful authority, the means of identification of another person, specifically, the identity, date of birth, Social Security number, and brokerage account information of a person known to the Grand Jury as Nominee Three, during and in relation to the felony violations of Title 18, United States Code, Sections 1348 and 1349, Securities Fraud, Attempt and Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT NINE: (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

38. Paragraphs 1 through 31 are re-alleged and incorporated as if fully set forth here.

39. On or about May 30, 2017, in the Northern District of California, the defendant,

JANARDHAN NELLORE,

did knowingly use, without lawful authority, the means of identification of another person, specifically, the identity, date of birth, Social Security number, and brokerage account information of a person known to the Grand Jury as Nominee One, during and in relation to the felony violations of Title 18, United States Code, Sections 1348 and 1349, Securities Fraud, Attempt and Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT TEN: (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

40. Paragraphs 1 through 31 are re-alleged and incorporated as if fully set forth here.

41. On or about February 26, 2018, in the Northern District of California, the defendant,

JANARDHAN NELLORE,

did knowingly use, without lawful authority, the means of identification of another person, specifically, the identity, date of birth, Social Security number, and brokerage account information of a person known to the Grand Jury as Nominee Two, during and in relation to the felony violations of Title 18, United States Code, Sections 1348 and 1349, Securities Fraud, Attempt and Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section 1028A(a)(1).

1  FORFEITURE ALLEGATION:   (18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 2461(c))

   The allegations contained in Counts One through Seven of this Superseding Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 21 U.S.C. § 2461(c).

   Upon conviction for any of the offenses set forth in Counts One through Seven of this Superseding Indictment, the defendants,

   JANARDHAN NELLORE and
   SIVANNARAYANA BARAMA,

   shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to the following:

   a.  A forfeiture money judgment in an amount equal to the total proceeds obtained by the defendant from the commission of said offenses;

   If any of the property described above, as a result of any act or omission of the defendant:

   a.  cannot be located upon exercise of due diligence;
   b.  has been transferred or sold to, or deposited with, a third party;
   c.  has been placed beyond the jurisdiction of the court;
   d.  has been substantially diminished in value; or
   e.  has been commingled with other property which cannot be divided without difficulty,

   the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

   Upon conviction of the offense set forth in Counts Eight, Nine, and Ten of this Superseding Indictment, the defendant,

   JANARDHAN NELLORE,

   shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 21 U.S.C. § 2461(c), any property, real or personal, constituting or derived from proceeds the traceable to

violations of Title 18, United States Code, Sections 1348 and 1349, including but not limited to the following:

    a. A forfeiture money judgment in an amount equal to the total proceeds obtained by the defendant from the commission of said offenses;

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28 United States Code Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28 United States Code Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: *[signature]* 12-17-19

A TRUE BILL.

_____
FOREPERSON

DAVID L. ANDERSON
United States Attorney

*[signature]*
_____
DANIEL KALEBA
PATRICK R. DELAHUNTY
Assistant United States Attorney

SUPERSEDING INDICTMENT                 13

AO 257 (Rev. 6/78)

**SEALED BY ORDER OF COURT**

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

**OFFENSE CHARGED**

COUNT 1: 18 U.S.C. § 1349 – Conspiracy and Attempt to Commit Securities Fraud
COUNTS 2-7: 18 U.S.C. §§ 1348 and 2 – Securities Fraud and Aiding and Abetting
COUNTS 8-10: 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED SHEET

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**DEFENDANT - U.S**

▶ JANARDHAN NELLORE

DISTRICT COURT NUMBER
CR 19-00463 LHK

**FILED DEC 12 2019**
Susan Y. Soong
Clerk, U.S. District Court
Northern District of California
San Jose

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI S/A Meagan Sharp

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  AUSA Dan Kaleba

## DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

*United States v. Nellore et al.*
CR 19-00463 LHK
Penalty Sheet Attachment

COUNTS ONE THROUGH SEVEN:   (18 U.S.C. §§ 1348 and 1349 – Securities Fraud and Conspiracy or Attempt)

Maximum imprisonment – 25 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 5 years
Special assessment – $100

COUNTS EIGHT THROUGH TEN:   (18 U.S.C. § 1028A – Aggravated Identity Theft)

Mandatory imprisonment – 2 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 1 year
Special assessment – $100

A1


SEALED BY ORDER OF COURT

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☒ SUPERSEDING

**OFFENSE CHARGED**

COUNT 1: 18 U.S.C. § 1349 – Conspiracy and Attempt to Commit Securities Fraud

COUNTS 2-7: 18 U.S.C. §§ 1348 and 2 – Securities Fraud and Aiding and Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED SHEET

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

**DEFENDANT - U.S**
▶ SIVANNARAYANA BARAMA

DISTRICT COURT NUMBER
CR 19-00463 LHK

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI S/A Meagan Sharp

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form DAVID L. ANDERSON
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) AUSA Dan Kaleba

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

FILED DEC 12 2019 SUSAN Y. SOONG CLERK, U.S. DISTRICT COURT NORTH DISTRICT OF CALIFORNIA SAN JOSE OFFICE

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT Bail Amount: None

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: Before Judge:

Comments:

*United States v. Nellore et al.*
CR 19-00463 LHK
Penalty Sheet Attachment

COUNTS ONE THROUGH SEVEN: (18 U.S.C. §§ 1348 and 1349 – Securities Fraud and Conspiracy or Attempt)

Maximum imprisonment – 25 years
Maximum fine – $250,000 or twice the gross gain or loss
Supervised release term – 5 years
Special assessment – $100